UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM AYERS  PLAINTIFF

v.  CIVIL ACTION NO. 3:16-cv-00572-CRS

TIM ANDERSON, et al.  DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on two motions. The Plaintiff, William Ayers, appearing *pro se*, moves the court to reconsider the Magistrate Judge's order denying the Plaintiff's Motion to Recuse (DN 34). The Defendants, Tim Anderson ("Anderson") and Bob Rodriguez ("Rodriguez") move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] (DN 30). For the following reasons, the Plaintiff's Motion to Reconsider will be **DENIED**. The Defendants' Motion for Summary Judgment as to the Plaintiff's claims of Fourth and Fourteenth Amendment violations will be **GRANTED**. The court first will consider the Defendants' Motion for Summary Judgment before turning to the Plaintiff's Motion to Recuse.

I.  BACKGROUND

The Plaintiff, William Ayers ("Ayers"), appearing *pro se*, filed a Complaint in this court in September of 2016 against Defendants Tim Anderson and Bob Rodriguez and unnamed Defendants John Doe and Jane Doe.[2] Defendants are all employees of the Kentucky Department

---

[1] While the Defendants do not style their brief as a "partial motion" for summary judgment, the Defendants do not address the Plaintiff's Eighth Amendment or common law claims against Defendants. Therefore, the motion will be construed as a partial motion for summary judgment.
[2] The Plaintiff improperly filed an Amended Complaint without seeking leave to file an amended complaint pursuant to Fed.R.Civ.P. 15. This improperly filed amended complaint is not deemed admitted by the court.

of Corrections, Division of Probation and Parole ("Probation"). (DN 1-1, ¶ 1.) Though proceeding *pro se*, Ayers admits that he is a former attorney. (DN 35, 10.)

The record being limited, the facts of this case are not altogether clear. However, Ayers admits that he was convicted for a crime in the Commonwealth of Kentucky for failing to file state income tax returns. (DN 35, 1.) Presumably, Ayers was placed on probation and Defendant Anderson was assigned as his probation officer. (*Id*.) As a condition of probation, he was ordered to pay court costs, a fine, and complete a number of community service hours by September 15, 2015. (DN 30-3; DN 35, 1.)

On February 20, 2015, Judge Susan Schultz Gibson ("Judge Gibson") in Jefferson Circuit Court, Kentucky, entered an Order pursuant to a revocation hearing instituted by the Commonwealth's motion to revoke probation.[3] (DN 30-2, 1.) The Order states that Ayers violated conditions of his probation by failing to pay fees and fines, perform community service, and provide verification of his compliance with state and federal tax laws. (*Id*.) Beyond ordering Ayers to continue to comply with the conditions of his probation, the Court ordered that Probation and Parole could impose graduated sanctions pursuant to KRS 439.553 for violation of probation conditions. (*Id*. at 2-3.) Ayers was represented by counsel at this hearing. (*Id*.)

Apparently, Ayers continued to violate the conditions of his probation. On August 13, 2015 Ayers signed a "Violation Report with Graduated Sanctions" ("Report") stating that he failed to pay court costs and fines by the deadline as ordered by the Court. The Report states: "Mr [sic] William Ayers has been given a verbal warning at the last report date on July 9, 2015

---

Nevertheless, the court's Opinion and Order dismissing the Plaintiff's Fourth and Fourteenth Amendment claims are dispositive on these claims in the improperly filed amended complaint.
[3] The Order states that at the close of proof, the Commonwealth modified its motion to revoke to a motion to modify the conditions of probation.

and was told that if he does not abide by the court order then graduated sanctions would be imposed." (DN 30-3.) The Report further states:

> I hereby freely and voluntarily admit violating the conditions of my probation/parole as set forth above. Instead of having a hearing I hereby agree to accept the above sanctions, as recommended by my Probation and Parole Officer… I also agree to resume compliance with all the terms and conditions of my probation/parole and I further understand that should I violate any of the terms and conditions of my probation/parole or should I fail to abide by the above recommended sanctions that I will be subject to arrest and revocation of my probation/parole.

Ayers does not contest that he signed this Report. He also admits that he failed to satisfy the terms of his probation. Despite these admissions, Ayers alleges that, on or about September 15, 2015,[4] while at the Kentucky Department of Corrections Office on Preston Highway in Louisville, Kentucky, he was illegally arrested by the Defendants acting under color of law. (DN 1-1, ¶ 1.) He then claims he was incarcerated for ten days and that, during his incarceration, the Defendants intentionally gave the jail counselor false information. (*Id*. at ¶ 3.) His Complaint alleges Assault and Battery when the Defendants "grab[bed] Plaintiff without his permission, and twisted his arms behind his back and placed hand-cuffs on his wrists, and pushed him down onto a chair causing him pain and humiliation." (*Id*. at ¶ 1.) He further states claims under 42 U.S.C. § 1983 ("Section 1983") for an unreasonable seizure, due process violation, and cruel and unusual punishment. (*Id*. at ¶¶ 2- 3.) Lastly, Ayers claims he suffered "Extreme Emotional Distress" and "Defamation Per Se." The Defendants now move for summary judgment on Ayers' Fourth Amendment seizure and Fourteenth Amendment due process claims.

---

[4] There are several inconsistencies in the alleged dates of events in this case. Ayers' Complaint refers to events that occurred "on or about 15 September 2016." However, the Complaint was filed September 8, 2016, making this alleged date impossible. Ayers' Response to the Defendants' motion for summary judgment refers to the events as occurring in 2015 at times, but occurring in 2014 at other times. The Court has looked to the Defendants' exhibits as guidance. Here, too, inconsistencies in dates exist. The "Violation Report with Graduated Sanctions" (DN 30-3) is signed and dated by Ayers on August 13, 2015 but signed and dated by the Probation Supervisor on August 13, 2014. A review of all other documents and briefs, however, indicates that the relevant events occurred in 2015 and the Court finds it reasonable to conclude that the alleged incident occurred in 2015.

## II. STANDARD

A party moving for summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Additionally, the Court must draw all factual inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue for trial exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

## III. DISCUSSION

This case concerns provisions of the Public Safety and Offender Accountability Act ("Act") enacted by the Kentucky General Assembly in 2011. The intent of the legislature was to adopt a sentencing policy to "maintain public safety and hold offenders accountable while reducing recidivism and criminal behavior and improving outcomes for those offenders who are sentenced.'" *Commonwealth v. Andrews*, 448 S.W.3d 773, 776 (Ky. 2014) (citing KRS 532.007(1)).

Pursuant to the Act, the Kentucky legislature passed several new statutes. Among these is KRS 439.3106. This statute sets forth the potential consequences of probation violations: "If a supervised individual violates the terms of probation, there are two possible outcomes: revocation… or the impositions of sanctions 'other than revocation.'" *Id*. at 777 (citing KRS 439.3106). On February 20, 2015, Judge Gibson apparently chose the latter of the two possible outcomes when she ordered that Probation impose sanctions pursuant to KRS 439.553.

KRS 439.553 states that the court with jurisdiction of an individual's case may allow Probation to "impose graduated sanctions[5] adopted by the department for violations of the conditions of community supervision." The guidelines for applying graduated sanctions are contained in 501 Kentucky Administrative Regulations ("KAR") 6:250. The regulations state that before imposing graduated sanctions, a probation officer should consider factors such as the offender's assessed risk and needs level, severity of the current violation, and the number and severity of any previous supervision violations. 501 KAR 6:250. Additionally, KRS 439.3108 and 501 KAR 6:250 allow a probation officer to detain a supervised individual in a state or local correctional or detention facility for up to ten consecutive days for a violation of probation conditions.

Ayers argues that his arrest and subsequent detainment on September 15, 2015, were violations of 439.3108 and the administrative guidelines on graduated sanctions. He claims that such statutory violations resulted in deprivations of his Fourth and Fourteenth Amendment rights. Ayers brings these claims under Section 1983.

**A. Sovereign Immunity**

The court will first address the issue of sovereign immunity. The Eleventh Amendment and sovereign immunity bar suits against states unless the state has waived its immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). They likewise bar suits against state officials in their official capacities, as a judgment against such a state official would impose liability on the state itself. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Yanero v. Davis*, 65 S.W.3d 510, 518 (Ky. 2001). The Kentucky Department of Corrections is an arm of the state, and therefore entitled to absolute immunity. *Graff v. Pollock*, 2008 WL 3079742, at *2 (W.D.

---

[5] Graduated sanctions are defined as "any of a wide range of accountability measures and programs for supervised individuals" including "short-term or intermittent incarceration." KRS 446.101(20).

Ky. Aug. 5, 2008). Because the Defendants are employees of the Kentucky Department of Corrections, Division of Probation and Parole, all claims against the Defendants in their official capacity will be dismissed.

### B. Section 1983 Claims

The Plaintiff also asserts claims against the Defendants in their individual capacities, alleging that they violated his constitutional rights while acting under the color of state law. Specifically, Ayers asserts that the Defendants violated his Fourth Amendment right to be free from an unreasonable seizure and his Fourteenth Amendment right to due process. Ayers brings these claims under Section 1983.

Section 1983 does not, in itself, create substantive rights, but rather provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 (1979). Generally, a plaintiff claiming a Section 1983 violation must prove that a government action occurred "under color of law," and that the government action is a deprivation of a constitutional right or federal statutory right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Government officials sued in their individual capacities may be liable under Section 1983. *Hafer v. Melo*, 502 U.S. 21, 23 (1991).

The Defendants argue that Ayers' claims under Section 1983 should be dismissed under the theory of qualified immunity. Qualified immunity protects government officials who are performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This doctrine attempts to balance two important considerations – "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and

liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Determining if a party is insulated from suit under qualified immunity is a two-part inquiry: (1) whether the defendant violated a constitutional right; and (2) whether that right was clearly established. *Aldini v. Johnson*, 609 F.3d 858, 863 (6th Cir. 2010). Whether a right was clearly established is a question of law. *Dickerson v. McClellan*, 101 F.3d 1151, 1156–57 (6th Cir. 1996). The court is not required to undertake this inquiry in sequential order and, instead, may "exercise [its] sound discretion in deciding which of the two prongs . . . should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236. When the issue of qualified immunity is raised, the plaintiff has the burden of showing that the defendants are not entitled to qualified immunity. *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012) (citing *Untalan v. City of Lorain*, 430 F.3d 312, 314 (6th Cir. 2005)).

In this case, the Defendants are entitled to qualified immunity from Ayers' Fourth and Fourteenth Amendment claims. Presumably, Ayers is alleging that the Defendants did not have the statutory right to arrest him, therefore making the seizure unreasonable under the Fourth Amendment. The court further construes the Plaintiff's Complaint to allege that the Defendants violated his due process rights by confining him for the statutory maximum of ten days. However, even if the Defendants failed to comply with all of the statutory and regulatory provisions regarding the implementation of graduated sanctions, the Plaintiff has not met his burden of showing that his arrest or detainment violated his clearly established constitutional rights.

Because the statutes and related administrative regulations under the Public Safety and Offender Accountability Act are relatively new, very little Kentucky precedent exists to guide

this court's analysis.  In fact, the Kentucky Supreme Court did not have a chance to analyze one such statute, KRS 439.3106, until 2014.  *Andrews*, 448 S.W.3d at 776 ("This case marks this Court's earliest opportunity to analyze this statute.").  Ayers has not cited to, and this court is not aware of, any Kentucky precedent concerning whether a probation officer's imposition of graduated sanctions under the administrative regulations, particularly when a court has authorized Probation to use graduated sanctions and the probationer has waived his right to a revocation hearing, can result in a deprivation of constitutional rights.

Further, the following facts are not in dispute:  pursuant to a revocation hearing, Judge Gibson ordered that Probation and Parole impose graduated sanctions pursuant to KRS 439.553; after this hearing and Order, Ayers continued to violate the conditions of his probation; on August 13, 2015 Ayers signed a "Violation Report with Graduated Sanctions" wherein he waived his right to a revocation hearing and agreed to be subject to graduated sanctions; and on September 15, 2015, Ayers had still failed to satisfy the conditions of his probation.

Given these facts, as well as the discretion of probation officers in implementing appropriate graduated sanctions within the guidelines, the court finds that at the very least, the Defendants were not on notice that their conduct was unlawful.  *See Hope v. Pelzer*, 536 U.S. 730, 739 (2002) ("[Q]ualified immunity operates to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful" (internal quotation marks omitted)).  Therefore, the actions of the Defendants were not violations of clearly established law.

For these reasons, the Defendants' motion for summary judgment will be granted as to the Plaintiff's Fourth and Fourteenth Amendment claims under a theory of qualified immunity.

### C. Motion to Reconsider

Also before the court is the Plaintiff's motion for reconsideration of the Magistrate Judge's order denying the Plaintiff's Motion to Recuse. (DN 34.) In June of 2017, Ayers filed a motion to recuse Magistrate Judge Dave Whalin ("Judge Whalin") in this case. Ayers had previously petitioned for writ of habeas corpus in another action and Judge Whalin recommended that Ayers' petition be denied. Based upon this denial, Ayers filed an affidavit stating that he was "very displeased with Whalin's decision and is convinced Whalin cannot be fair and impartial in this separate action." (DN 28.)

Judge Whalin denied the motion to recuse, finding that "[i]t is well-settled that adverse rulings during the course of proceedings are not themselves sufficient to establish bias or prejudice which will disqualify the presiding judge." *Gresham v. Stewart*, 2017 WL 75967, at *1 (E.D. Mich. Jan 9, 2017) (citing *Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir. 1956)). The district court's review of a magistrate judge's order denying recusal falls under the purview of Fed.R.Civ.P. 72(a). Rule 72(a) states that the court must modify or set aside "any part of the order that is clearly erroneous or is contrary to law."

On his motion to reconsider, the Plaintiff has not presented any new facts to indicate that Judge Whalin may be biased, but rather restates, albeit at more length, his "extreme dissatisfaction with that judgment" and his disagreement with the outcome. The court agrees with Judge Whalin's finding that an adverse ruling in a case is insufficient to establish bias or prejudice pursuant to 28 U.S.C. § 455. For this reason, the court finds that Judge Whalin's Order denying the Plaintiff's motion for recusal was not clearly erroneous. As such, the Plaintiff's motion to reconsider will be denied.

IV.  CONCLUSION

For the reasons stated, the court will **GRANT** the Defendants' motion for summary judgement as to the Plaintiff's claims under the Fourth and Fourteenth Amendments. The court will **DENY** the Plaintiff's motion to reconsider.

An order will be entered in accordance with this opinion.

March 21, 2018

Charles R. Simpson III, Senior Judge
United States District Court

Cc: Counsel of Record