UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM AYERS                                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:16-cv-00572-CRS

TIM ANDERSON, et al.                                                                        DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the Plaintiff, William Ayers ("Ayers"), *pro se*, for reconsideration of the memorandum opinion and order denying the Plaintiff's motion to reconsider recusal and granting the Defendants' motion for summary judgment. For the reasons stated, the Plaintiff's motion to reconsider will be **DENIED**.

I.   BACKGROUND

The court previously recounted the facts of this case at length in its memorandum opinion entered on March 22, 2018. (DN 37.) Essentially, this case concerns the conditions of Ayers' probation as ordered by the Jefferson Circuit Court after his conviction in the Commonwealth of Kentucky for the crime of failing to file state tax returns. Ayers' Complaint alleges that the arrest and subsequent detainment of the Plaintiff on September 15, 2015 by his probation officer, for the alleged non-compliance of parole conditions, amount to violations of KRS § 439.553 and the administrative guidelines on graduated sanctions. Ayers' Complaint alleges that these violations resulted in deprivations of his constitutional rights, among other claims.

The Defendants jointly filed a partial motion for summary judgment on Ayers' claims of Fourth and Fourteenth Amendment violations under 42 U.S.C. § 1983 ("Section 1983"). The

court granted the Defendants' motion for summary judgment as to Ayers' Fourth and Fourteenth Amendment claims against the Defendants in their official capacities, as such claims are barred by sovereign immunity. The court further granted the Defendants' motion for summary judgment as to the same claims against the Defendants in their individual capacities, finding that the parties were insulated from suit under qualified immunity.

Also addressed in the court's March 22 memorandum opinion was Ayers' motion for reconsideration of the Magistrate Judge's order denying the Plaintiff's motion to recuse. Because the court found that the Magistrate Judge's finding was not clearly erroneous, Ayers' motion for reconsideration on this issue was denied.

Ayers has moved for reconsideration both on the court's opinion and order granting the Defendants' motion for summary judgment and on its opinion and order denying the Plaintiff's motion to reconsider. The Defendants did not file a response to Ayers' motion, which is now ripe for the court's review.

## II. STANDARD

Under Federal Rule of Civil Procedure ("Rule") 59(e), a party may move to alter or amend a judgment within twenty-eight days of its entry. Rule 59(e) motions allow district courts to correct their own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Granting a Rule 59(e) motion is appropriate when there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (citation omitted).

Alternatively, Rule 60(b) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for such reasons as: "mistake,

inadvertence, surprise, or excusable neglect;" "fraud… misrepresentation, or misconduct by the opposing party;" or "any other reason that justifies relief." Like Rule 59(e), the burden of showing entitlement to relief under Rule 60(b) is on the moving party.

Neither Rule 59(e) nor 60(b) is to be construed as allowing a party to "reargue" a case. *See Whitehead v. Bowen*, 301 Fed. App'x 484, 489 (6th Cir. 2008) (finding that a Rule 59(e) motion is not "an opportunity to reargue a case."). "Motions to alter or amend must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Fernandez v. Gulick*, 2008 WL 4163252, at *1 (W.D. Ky. Sept. 4, 2008) (citing *Turner v. Baylor Richardson Med. Ctr.*, 2007 WL 122003 (5th. Cir. 2007)). Like Rule 59(e), "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

As Ayers filed his motion within 28 days of the entry of the court's opinion and order, the court will consider his motion under both Rules 59(e) and 60(b).

### III. DISCUSSION

1. <u>Ayers' successive motions for reconsideration</u>

Ayers asks this court to reconsider its opinion and order denying his previous motion to reconsider, thus moving for the second time to reconsider Magistrate Judge Whalin's order denying Ayers' motion to recuse Judge Whalin. Ayers' renewed attempt for reconsideration on this issue proves no more fruitful than his first; Ayers does not present any reason under either Rule 59(e) or 60(b) that would justify reconsideration. Further, the Federal Rules of Civil Procedure do not authorize successive motions for reconsideration. The court will deny the Plaintiff's motion as to the motion to recuse.

2. Ayers' proposed Amended Complaint

Ayers next moves the court to reconsider its "ruling" to not admit Ayers' Amended Complaint because "there is no good reason. . . not to admit it." (DN 41, 1.) To date, Ayers has not submitted to the court a motion to alter or amend his Complaint pursuant to Rule 15(a)(2). An amended complaint will be considered only when a motion to alter or amend is filed with the proposed pleading. The court will deny the Plaintiff's motion for reconsideration as to his improperly filed Amended Complaint.

3. The Defendants' Motion for Summary Judgment

Lastly, Ayers moves the court to reconsider its judgment granting the Defendants' motion for summary judgment as to the Fourth and Fourteenth Amendment claims against the Defendants in their individual capacities. Ayers has provided a very detailed, "page by page," critique of the court's March 22 memorandum opinion. In the interest of efficiency, the court will not address separately each individual point of opposition, as the majority of these critiques are merely attempts to "reargue the case." For instance, Ayers reiterates his argument that the Defendants improperly applied the regulations on graduated sanctions in light of his parole violations at the time of detainment. This argument was already considered by the court when it held that, even if the graduated sanctions were not properly applied per the regulations, the Plaintiff failed to show that such allegedly improperly applied sanctions resulted in the violation of clearly established constitutional rights. (DN 37, 8.) The court likewise considered whether the imposition of graduated sanctions was discretionary or ministerial in determining whether the Defendants were insulated from suit under qualified immunity. (*Id*.) (Noting the "discretion of probation officers in implementing appropriate graduated sanctions within the guidelines.")

The court did not, however, engage in a discussion of whether the Defendants acted with malice in arresting and detaining the Plaintiff for non-compliance with parole conditions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (finding that "qualified immunity would be defeated if an official. . . took the action with the malicious intention to cause a deprivation of constitutional rights or other injury") (internal citations omitted). This argument was raised in the Plaintiff's response to the Defendants' motion for summary judgment.

Yet, "bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery." *Harlow*, 457 U.S. at 817–18. Even reconsidering the court's opinion in light of Ayers' assertion that, in this case, qualified immunity is defeated by malice, he has failed to provide any evidence of malice beyond bare allegations. In Plaintiff's response to the Defendants' partial motion for summary judgment, Ayers stated that his detainment was motivated by malice because "The only reasonable explanation for this irrational act is [Defendant Allan George's] intense dislike, hatred even for [the Plaintiff]." (DN 35, 6.) Ultimately, Ayers asks the court to infer malice from the "totality of the circumstances," such as: his allegation that the Defendants intentionally misused Kentucky statutes and regulations concerning probation conditions and graduated sanctions; his unsupported contention that the Defendants personally disliked him;[1] and the fact that, at the time of his detainment, he had completed all of his probation conditions except for his community service requirements. These allegations are insufficient to establish malice such that the Defendants should not be protected by qualified immunity. The Plaintiff's motion to reconsider the court's memorandum and order granting the Defendants' summary judgment motion as to the Fourth and Fourteenth Amendment claims will be denied.

---

[1] While the Plaintiff, by affidavit, testified that he openly "loathed" probation officers and that the Defendant probation officers were aware of the Plaintiff's animosity towards them, such evidence does not establish that the Defendants acted with malice in detaining the Plaintiff. (DN 35, 13.)

## IV. CONCLUSION

For the reasons stated, the court will **DENY** the Plaintiff's motion to reconsider. An order will be entered in accordance with this opinion.

July 2, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

Cc: Counsel of Record