UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM AYERS                                                                                             PLAINTIFF

vs.                                      CIVIL ACTION NO. 3:16-CV-572-CRS

TIM ANDERSON, et al.                                                                DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's filing of a letter stating that he decided to "quit this claim and make no further efforts at it." DN 67. Defendants did not file a response. This matter is now ripe for adjudication.

**I. Background**

Defendants are employees of the Kentucky Department of Corrections, Division of Probation and Parole ("Probation"). DN 7 at 1. William Ayers ("Ayers") was convicted of a felony in the Commonwealth of Kentucky for failing to file state income tax returns. DN 35 at 1. Ayers was sentenced to five years of supervised probation with a variety of conditions, including the payment of court costs, a fine, and the completion of 100 community service hours. DN 35 at 1. Ayers did not comply with the conditions of his probation, and on February 24, 2015, Judge Susan Schultz Gibson of the Jefferson County Circuit Court, Kentucky, set additional deadlines for compliance. DN 30-2 at 1-3. In her order, Judge Gibson also authorized Probation to "impose graduated sanctions pursuant to KRS 439.553 for violation of the conditions of probation." DN 22-1 at 11.

On September 15, 2015, Ayers reported to Probation Officer Tim Anderson ("Anderson") at a time when he "was in violation of probation…for not completing Community Service on time." DN 59 at 2. Ayers alleges that, while he was in the Probation office, Anderson and another

probation officer "grab[ed] Plaintiff without his permission, and twisted his arms behind his back and placed hand-cuffs on his wrists, and pushed him down onto a chair causing pain and humiliation." DN 1-1 at 1. Ayers was arrested and detained on a probation violation detainer. DN 22-1 at 7. Ayers remained in custody until September 23, 2015, when he appeared before Judge Gibson and was released. DN 30-4 at 1.

Ayers, appearing *pro se*, filed a complaint in this Court on Sep 8, 2016 against Defendants Tim Anderson, Bob Rodriguez, and unnamed Defendants John Doe and Jane Doe. DN 1 at 1. In his complaint, Ayers made the following claims based on his arrest and detention: Fourth Amendment unreasonable search and seizure, Fourteenth Amendment due process, Eighth Amendment cruel and unusual punishment, false imprisonment, extreme emotional distress, defamation per se, assault and battery. On March 22, 2018, this Court dismissed Plaintiff's Fourth Amendment and Fourteenth Amendment claims. DN 38. On January 14, 2020, this Court dismissed Plaintiff's Eighth Amendment cruel and unusual punishment, false imprisonment, extreme emotional distress, and defamation per se claims. DN 62. Plaintiff's only remaining claim is for assault and battery.

## II. Discussion

On June 8, 2020, Plaintiff filed a letter with the Court for the purpose of "inform[ing] the parties of Ayers' decision to quit this claim and make no further efforts at it." DN 67. Rule 41(a)(2) of the Federal Rules of Civil Procedure states that a court may dismiss an action "at the plaintiff's request only by court order, on terms that the court considers proper" and that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."

The Court interprets Plaintiff's "quit claim" letter as a motion to dismiss. As there are no pending counterclaims or objections by Defendants, this Court finds that it is proper to dismiss Plaintiff's remaining claim with prejudice pursuant to the Court's authority under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

### III. Conclusion

For the reasons stated above, the Court will dismiss Plaintiff's sole remaining claim with prejudice. DN 67. A separate order will be entered this date in accordance with this memorandum opinion.

**IT IS SO ORDERED.**

July 13, 2020

Charles R. Simpson III, Senior Judge
United States District Court